**FELA HEARING LOSS CASES. MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE MARGOLIS.**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANCIS E. BAKUTIS <br><br> Plaintiff, <br><br> v. <br><br> METRO-NORTH RAILROAD COMPANY, et al. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    CIVIL ACTION NO.: <br> )    02 CV 1877 (SRU) <br> ) <br> ) <br> ) <br> ) |
| MAURICE BARRETT <br><br> Plaintiff, <br><br> v. <br><br> METRO-NORTH RAILROAD COMPANY, et al. <br><br> Defendants. | ) <br> ) <br> ) <br> )    CIVIL ACTION <br> )    NO.: 3:03 CV 0180 (AWT) <br> ) <br> ) <br> ) <br> ) |
| DAVID BETRIX <br><br> Plaintiff, <br><br> v. <br><br> METRO-NORTH RAILROAD COMPANY, et al. <br><br> Defendants. | ) <br> ) <br> ) <br> )    CIVIL ACTION <br> )    NO.: 3:03 CV 0181 (WWE) <br> ) <br> ) <br> ) <br> ) |

1

| | | |
|---|---|---|
| MICHAEL BETTINI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO.: 3:02 CV 2030 (RNC) |
| METRO-NORTH RAILROAD | ) | |
| COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| ROBERT BLACK | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO.: 3:02 CV 1873 (AVC) |
| | ) | |
| METRO-NORTH RAILROAD | ) | |
| COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| THOMAS BYRNE, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO.: 3:03 CV 0182 (CFD) |
| METRO-NORTH RAILROAD | ) | |
| COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

2

JAMES E. CAFFREY                               )
                                               )
            Plaintiff,                         )
                                               )      CIVIL ACTION NO.:
v.                                             )      3:02 CV 1884 (CFD)
                                               )
METRO-NORTH RAILROAD                           )
COMPANY, et al.                                )
                                               )
            Defendants.                        )
                                               )

PAUL F. CIUZIO                                 )
                                               )
            Plaintiff,                         )
                                               )      CIVIL ACTION
v.                                             )      NO.:   3:02 CV 2032(JBA)
                                               )
METRO-NORTH RAILROAD                           )
COMPANY, et al                                 )
                                               )
            Defendants.                        )
                                               )

SAMUEL J. COMPO                                )
                                               )
            Plaintiff,                         )
                                               )      CIVIL ACTION
v.                                             )      NO.:   3:02 CV 1675 (PCD)
                                               )
METRO-NORTH RAILROAD                           )
COMPANY, et al.                                )
                                               )
            Defendants.                        )
                                               )

3

| | |
|---|---|
| FRANK DiLORENZO )<br><br>         Plaintiff, )<br>                       )<br>v.                    )<br>                       )<br>METRO-NORTH RAILROAD )<br>COMPANY, et al.       )<br>                       )<br>         Defendants.  )<br>_____ ) | CIVIL ACTION<br>NO.: 3:03 CV 0183 (AWT) |
| RICHARD FANNING )<br><br>         Plaintiff, )<br>                       )<br>v.                    )<br>                       )<br>METRO-NORTH RAILROAD )<br>COMPANY, et al.       )<br>                       )<br>         Defendants.  )<br>_____ ) | CIVIL ACTION<br>NO.:   3:02 CV 2034 (SRU) |
| THOMAS FARLEY )<br><br>         Plaintiff, )<br>                       )<br>v.                    )<br>                       )<br>METRO-NORTH RAILROAD )<br>COMPANY, et al.       )<br>                       )<br>         Defendants.  )<br>_____ ) | CIVIL ACTION<br>NO.: 3:02 CV 2035 (WWE) |

4

| | |
|---|---|
| ROBERT L. FUDA | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION |
| | )    NO.:   3:02 CV 1678 (RNC) |
| METRO-NORTH RAILROAD | ) |
| COMPANY, et al. | ) |
| | ) |
|        Defendants. | ) |
| | ) |

| | |
|---|---|
| JOHN P. GEARY | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION |
| | )    NO.:   3:02 CV 1679 (WWE) |
| METRO-NORTH RAILROAD | ) |
| COMPANY, et al. | ) |
| | ) |
|        Defendants. | ) |
| | ) |

| | |
|---|---|
| CLYDE GIBBS | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )    IVIL ACTION |
| | )    NO.:   3:02 CV 2037 (WWE) |
| METRO-NORTH RAILROAD | ) |
| COMPANY, et al. | ) |
| | ) |
|        Defendants. | ) |
| | ) |

5

DENNIS INCONSTANTI                )
                                  )
            Plaintiff,            )
                                  )
v.                                )          CIVIL ACTION
                                  )          NO.: 3:03 CV 0184 (JCH)
METRO-NORTH RAILROAD              )
COMPANY, et al.                   )
                                  )
            Defendants.           )
                                  )

THOMAS INFANTINO                  )
                                  )
            Plaintiff,            )
                                  )
v.                                )          CIVIL ACTION
                                  )          NO.:   3:02 CV 2038(GLG)
METRO-NORTH RAILROAD              )
COMPANY, et al.                   )
                                  )
            Defendants.           )
                                  )

JOHN F. JOHNSON, JR.              )
                                  )
            Plaintiff,            )
                                  )
v.                                )          CIVIL ACTION
                                  )          NO.: 3:03 CV 0185 (GLG)
METRO-NORTH RAILROAD              )
COMPANY, et al.                   )
                                  )
            Defendants.           )
                                  )

6

CHARLES A. KANE                                    )
                                                   )
                    Plaintiff,                     )
                                                   )
v.                                                 )        CIVIL ACTION
                                                   )        NO.: 3:02 CV 1878 (CFD)
METRO-NORTH RAILROAD                               )
COMPANY, et al.                                    )
                                                   )
                    Defendants.                    )
                                                   )
_____

KARL KAUTZ                                         )
                                                   )
                    Plaintiff,                     )
                                                   )
v.                                                 )        CIVIL ACTION
                                                   )        NO.: 3:02 CV 1874 (JBA)
METRO-NORTH RAILROAD                               )
COMPANY, et al.                                    )
                                                   )
                    Defendants.                    )
                                                   )
_____

THOMAS KINIRY                                      )
                                                   )
                    Plaintiff,                     )
                                                   )
v.                                                 )        CIVIL ACTION
                                                   )        NO.:   3:02 CV 01680 (JBA)
METRO-NORTH RAILROAD                               )
COMPANY, et al.                                    )
                                                   )
                    Defendants.                    )
                                                   )
_____

7

| | | |
|---|---|---|
| FREDERICK N. KOVAL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 3:02 CV 1879 (GLG) |
| | ) | |
| METRO-NORTH RAILROAD | ) | |
| COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| RICHARD J. LASKEVITCH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO.: 3:02 CV 1676 (GLG) |
| | ) | |
| METRO-NORTH RAILROAD | ) | |
| COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| SIGISMONDO LOVERME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 3:02 CV 1880 (PCD) |
| | ) | |
| METRO-NORTH RAILROAD | ) | |
| COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

8

| | |
|---|---|
| HENRY MACKEY ) | |
| ) | |
| Plaintiff, ) | |
| v.                                           ) | CIVIL ACTION |
| ) | NO.: 3:02 CV 1881 (AWT) |
| METRO-NORTH RAILROAD ) | |
| COMPANY, et al.                      ) | |
| ) | |
| Defendants.                 ) | |
| ) | |

| | |
|---|---|
| JERRY D. PATTERSON, SR. ) | |
| ) | |
| Plaintiff, ) | |
| v.                                           ) | CIVIL ACTION NO.: |
| ) | 3:02 CV 1874 (JBA) |
| METRO-NORTH RAILROAD ) | |
| COMPANY, et al.                      ) | |
| ) | |
| Defendants.                 ) | |
| ) | |

| | |
|---|---|
| JOHN RAGGI ) | |
| ) | |
| Plaintiff, ) | |
| v.                                           ) | CIVIL ACTION |
| ) | NO.:   3:02 CV 1681 (GLG) |
| METRO-NORTH RAILROAD ) | |
| COMPANY, et al.                      ) | |
| ) | |
| Defendants.                 ) | |
| ) | |

9

PEDRO RODRIGUEZ )
)
        Plaintiff, )
)
v. )        CIVIL ACTION
)        NO.: 3:03 CV 0188 (JBA)
METRO-NORTH RAILROAD )
COMPANY, et al. )
)
        Defendants. )
)

EDWARD P. RUSSO )
)
        Plaintiff, )
)
v. )        CIVIL ACTION
)        NO.:   3:02 CV 1682 (JCH)
METRO-NORTH RAILROAD )
COMPANY, et al. )
)
        Defendants. )
)

ANTONIO P. SARTORI, JR. )
)
        Plaintiff, )
)
v. )        CIVIL ACTION
)        NO.:   3:02 CV 2039(PCD)
METRO-NORTH RAILROAD )
COMPANY, et al. )
)
        Defendants. )
)

10

| | |
|---|---|
| ALFRED C. SCHUMACHER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO.: 3:02 CV 1875 (AHN) |
| METRO-NORTH RAILROAD ) | |
| COMPANY, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

| | |
|---|---|
| JAMES R. SCOFIELD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO.:   3:02 CV 1683 (JCH) |
| METRO-NORTH RAILROAD ) | |
| COMPANY, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

| | |
|---|---|
| MICHAEL SELMONT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 3:02 CV 1677 (GLG) |
| METRO-NORTH RAILROAD ) | |
| COMPANY, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

11

RICHARD STARR                     )
                                  )
          Plaintiff,              )
                                  )
v.                                )        CIVIL ACTION NO.:
                                  )        3:02 CV 1874 (JBA)
METRO-NORTH RAILROAD              )
COMPANY, et al.                   )
                                  )
          Defendants.             )
                                  )

TIMOTHY STRAND                    )
                                  )
          Plaintiff,              )
                                  )
v.                                )        CIVIL ACTION
                                  )        NO.:   3:02 CV 1683 (JCH)
METRO-NORTH RAILROAD              )
COMPANY, et al.                   )
                                  )
          Defendants.             )
                                  )

MILLARD J. SULLIVAN               )
                                  )
          Plaintiff,              )
                                  )
v.                                )        CIVIL ACTION
                                  )        NO.:   3:02 CV 1684 (JCH)
METRO-NORTH RAILROAD              )
COMPANY, et al.                   )
                                  )
          Defendants.             )
                                  )

| | |
|---|---|
| TIMOTHY SWEENEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION |
| | )    NO.:   3:02 CV 1872 (RNC) |
| METRO-NORTH RAILROAD | ) |
| COMPANY, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

| | |
|---|---|
| LAWRENCE TRAMAGLINI | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION |
| | )    NO.: 3:02 CV 2040 (SRU) |
| METRO-NORTH RAILROAD | ) |
| COMPANY, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

| | |
|---|---|
| JOSEPH WALZ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION |
| | )    NO.:   3:02 CV 2041 (DJS) |
| METRO-NORTH RAILROAD | ) |
| COMPANY, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

13

ROBERT WEST                          )
                                     )
            Plaintiff,               )
                                     )
v.                                   )          CIVIL ACTION
                                     )          NO.: 3:03 CV 0190 (AWT)
METRO-NORTH RAILROAD                 )
COMPANY, et al.                      )
                                     )
            Defendants.              )
                                     )

BILLY JOE WILSON                     )
                                     )
            Plaintiff,               )
                                     )
v.                                   )          CIVIL ACTION
                                     )          NO.: 3:02 CV 1876 (DJS)
METRO-NORTH RAILROAD                 )
COMPANY, et al.                      )
                                     )
            Defendants.              )
                                     )

14

| | | |
|---|---|---|
| ROBERT F. WRIGHT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO.: 3:03 CV 0191 (RNC) |
| | ) | |
| METRO-NORTH RAILROAD | ) | |
| COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | December 10, 2003 |

### COUNSEL'S CERTIFICATION PURSUANT TO
### FED. R. CIV. P. 37(a)(2)(B) AND LOCAL RULE 9(d)(2)

1.   I, Lori A. McCarthy, am an associate with the law firm of Flynn & Associates, P.C., and

     I, along with Attorneys Michael B. Flynn and John E. Young represent the defendants,

     Consolidated Rail Corporation and American Financial Group, Inc., in connection with

     the above-entitled matter.  By letter of October 15, 2003, the defendants requested a

     Rule 37 conference, and outlined the basis for requesting the conference. *See*

     Correspondence of Lori A. McCarthy dated October 15, 2003, attached hereto as

     Exhibit "A."

2.   On November 12, 2003, I conferred in good faith with Attorney Scott E. Perry of Cahill

     & Goetsch, counsel for all of the plaintiffs in the above-entitled matters, concerning all

     of the plaintiffs' identical *Response to Defendants' Consolidated Rail Corporation and*

     *American Financial Group, Inc.'s, First Set of Requests for Production of Documents to*

15

*the Plaintiff* dated September 3, 2003.

3.    After a lengthy discussion, Attorney Perry, on behalf of all of the plaintiffs, agreed to the following amendments <u>only</u>: (a) With respect to Request Nos. 10 and 12, the plaintiffs agreed to withdraw the first sentence of their objections; (b) With respect to Request No. 2, the plaintiffs agreed to supplement and/or amend their responses in any cases wherein the plaintiff obtained, or in the future obtains hearing aids.

4.    In addition, the plaintiffs' counsel attempted to *add* an objection, via correspondence of November 21, 2003, which is attached hereto as Exhibit "B," to their identical *Responses* to Request No. 14, in that the plaintiffs also object on the grounds that the Request is overly broach and unduly burdensome.  The defendants objected to this addition.

5.    The parties were unable to resolve any other issues concerning the plaintiffs' identical *Responses,* which are more fully outlined in the defendants' *Memorandum of Law.* Moreover, the plaintiffs have refused to produce any other documents or amend their identical *Responses.*

16

Respectfully submitted,
CONSOLIDATED RAIL CORPORATION and
AMERICAN FINANCIAL GROUP, INC.,
By their Attorneys,


Michael B. Flynn #ct21215
Lori A. McCarthy #ct19557
FLYNN & ASSOCIATES, P.C.
189 State Street, Sixth Floor
Boston, MA 02109
(617)722-8253
(617)722-8254 (facsimile)

17

## **CERTIFICATION**

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid, this 10th day of December, 2003, to the following:

Scott E. Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

Anthony D. Sutton, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
P.O. Box 3057
Stamford, CT 06905

_____
Lori A. McCarthy

G:\F & A\CASE FILES\CSX OCCUPATIONAL\HEARING LOSS\General Hearing Loss\Pleadings\Rule 9 Certification 12.10.03.doc

18

# FLYNN & ASSOCIATES, P.C.

### ATTORNEYS AT LAW

189 STATE STREET
SIXTH FLOOR
BOSTON, MASSACHUSETTS 02109
TELEPHONE (617) 722-8253
FACSIMILE (617) 722-8254
E-MAIL: flynnlaw@flynnassoc.com

MICHAEL B. FLYNN*
RICHARD A. DAVIDSON, JR.
LORI A. MCCARTHY*
JOHN E. YOUNG, IV
WILLIAM ROA

*also admitted in NY
*also admitted in CT

OF COUNSEL:
DURKIN, MCDONNELL, CLIFTON,
O'DONNELL & MOORE

DETROIT OFFICE:

PENOBSCOT BUILDING
645 GRISWOLD STREET
SUITE 3253
DETROIT, MICHIGAN 48226
TELEPHONE (313) 963-3033
FACSIMILE (313) 963-3011

October 15, 2003

Scott E. Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

RE:    Hearing Loss Cases

Dear Scott:

I am writing in order to request a conference pursuant to Fed.R.Civ.P. Rule 37(a)(2)(B) relative to your clients' identical responses to Conrail and American Financial's *First Set of Requests for Production of Documents* in each of the pending hearing loss claims. As you are aware, not one document was produced by *any* of the plaintiffs. Moreover, many of the replies are completely unresponsive. Please note that I would like to schedule the conference as soon as possible an .

Specifically, I would like to discuss the following Responses (as each response is identical, the following is applicable to all of the pending cases):

### REQUEST NO. 1:

Any and all medical records, reports, letters and statements, including full and complete hospital records and doctor's records, which were made in connection with the hearing loss allegedly suffered by the plaintiff.

### RESPONSE NO. 1:

See plaintiff's 26a Disclosure.

This response is unacceptable. Fed.R.Civ.P. Rule 34 provides, in pertinent part, "[t]he response shall state, with respect to each item or category, that inspection and related activities will be

Scott E. Perry, Esq.
October 15, 2003
Page 2

permitted as requested, unless the request is objected to, in which event the objection shall be
stated." In addition, Fed.R.Civ.P. Rule 37(a)(3) provides, "for the purpose of this subdivision an
evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose,
answer or respond." No objection has been raised to this request. Instead, the plaintiff merely
refer to their *26a Disclosures* which is unresponsive, evasive, and incomplete, especially in light
of the fact that in the majority, if not all, of the pending cases, the only medical record that was
produced was that of Dr. Kirchner. And, as you are aware, it has been discovered that many
additional records exist and have not been produced with the *26a Disclosures*. Therefore, the
defendants request a more specific response to this Request.

**REQUEST NO. 2:**

Any and all medical bills in the possession, custody or control of the plaintiff which were
incurred because of hearing loss allegedly suffered as a result of the plaintiff's hearing
loss.

**RESPONSE NO. 2:**

"Plaintiff is not claiming any medical costs."

Once again, this response does not meet the requirements of Rules 34 or 37, as stated more fully
above. In addition, the plaintiffs' statements are utterly unresponsive to the request, and without
an objection, which was not raised, this response is unacceptable. Finally, at least two of the
plaintiffs, namely Mr. Mackey and Mr. Geary, have claimed the cost of hearing aids as damages,
rendering the response untrue and misleading.

**REQUEST NO. 4:**

Any and all statements taken from or given by the defendants, Conrail and/or Penn
Central, their agents, servants and/or employees which relate in any way to the hearing
loss that the plaintiff allegedly received as alleged in his *Complaint*.

**RESPONSE NO. 4:**

I am not aware of any. To the extent this request seeks statements obtained after the
instant lawsuit was filed, the plaintiff objects to this request because any such statements
are protected by the work-product doctrine, see Fed.R.Civ.P. 26(b) and need not be
disclosed in a privilege log pursuant to Conn. L.R. of Civ.P. 37.

Local Rule 37 exempts only "written communications between a party and *its* trial counsel after
the commencement of the action and the work product material created after the commencement

Scott E. Perry, Esq.
October 15, 2003
Page 3

of the action." It is unclear how the defendants' statement could possibly fall into this category. The defendants request that the plaintiff clarify this objection. Moreover, pursuant to Local Rule 37, the plaintiffs are required, at the least, to disclose the existence of such documents.

### REQUEST NO. 8:

Any and all documents pertaining to the investigation of the plaintiff's alleged hearing loss.

### RESPONSE NO. 8:

Plaintiff objects to this request because it is overly broad and because it seeks information protected by the work product doctrine and the attorney client privilege. With respect to any responsive documents obtained prior to the commencement of the lawsuit, see plaintiff's 26a Disclosure.

First, pursuant to Local Rule 37, the plaintiffs are required, at least, to disclose the existence of any privileged documents which are responsive to this Request, and the defendants request that the plaintiffs do so. In relation to the non-privileged, responsive documents, the directive to "see plaintiff's 26a Disclosure" is unacceptable for the reasons stated more fully above.

### REQUEST NO. 10:

Any and all medical records, reports, letters and statements, including full and complete hospital records and doctor's records, which were made in connection with any illnesses or injuries or other physical, mental or other conditions the plaintiff incurred, suffered from or for which he has been treated relative to any problems with his hearing, hearing loss and/or problems associated with his ears or any part thereof.

### RESPONSE NO. 10:

Plaintiff objects to this request as unduly burdensome, overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence. To the extent this request seeks medical records that do not related (sic) to plaintiff's hearing, hearing loss, and/or problems with his ears, the plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. With respect to records pertaining to plaintiff's hearing, see plaintiff's 26a Disclosure.

This request seeks only those medical records which are related to the plaintiff's hearing, alleged hearing loss, and/or ears. Referring the defendants to the plaintiffs' 26a Disclosures is not sufficient. As many records which were in the possession, custody or control of the plaintiffs at

Scott E. Perry, Esq.
October 15, 2003
Page 4

the time of their 26a Disclosures, were produced subsequent to the filing of the Disclosures, or have never been produced at all. Moreover, merely referring to the Disclosures does not meet the plaintiffs' burden of responding completely and fully to the defendants requests for production. Accordingly, the defendants demand a more complete response.

### REQUEST NO. 11:

Any and all documents containing the names and addresses of all witnesses known to the plaintiff who were witnesses either directly or indirectly to the unreasonably unsafe working conditions and/or excessive noise to which the plaintiff was allegedly exposed.

### RESPONSE NO. 11:

Plaintiff objects to this request as overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Please provide a more complete response, as well as producing any non-objectional documents.

### REQUEST NO. 12:

Any and all reports, statements, signed or unsigned, transcribed, and/or written, in the possession, custody or control of the plaintiff which were filled out or completed by any witness to the unreasonably unsafe working conditions and/or excessive noise to which the plaintiff was allegedly exposed.

### RESPONSE NO. 12:

Plaintiff objects to this request as overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. To the extent this request seeks statements obtained after the instant lawsuit was filed, the plaintiff objects to this request because any such statements are protected by the work-product doctrine, see Fed.R.Civ.P. 26(b) and need not be disclosed in a privilege log pursuant to Conn. L.R. of Civ.P. 37.

Please provide a more complete response, as well as producing any non-objectional documents.

### REQUEST NO. 13:

Any and all documents, including but not limited to notices, correspondence, reports and/or memoranda from Penn Central and/or Conrail within the possession, custody or control of the plaintiff, informing the plaintiff of the results of any and all hearing tests, including but not limited to audiometric testing.

Scott E. Perry, Esq.
October 15, 2003
Page 5

### RESPONSE NO. 13:

None other than those, if any, produced by the defendant.

This response is evasive, unresponsive, and incomplete. The defendants have requested copies of those responsive documents which are in the possession of the individual plaintiffs, which is highly relevant to these claims. Further, it is unfathomable that each of the plaintiffs have responded in the exact same manner.

### REQUEST NO. 14:

Any and all safety rules and/or policies and procedures provided by Penn Central and/or Conrail during the plaintiff's employment with said Penn Central and/or Conrail.

### RESPONSE NO. 14:

Plaintiff objects to this request since all defendants' rules policies and procedures are in possession of the defendant.

This response is evasive, unresponsive, and incomplete. The defendants have requested copies of those responsive documents which are in the possession of the individual plaintiffs, not the defendants.

### REQUEST NO. 17:

Copies of any and all documents pertaining to disability benefits, annuities, railroad retirement benefits and/or temporary wage continuation benefits which the plaintiff has received and/or applied for, either as a result of the incident which is the subject of his complaint or for any other reason.

### RESPONSE NO. 17:

Plaintiff objects to this request as overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. No documents exist as a result of the incident which is the subject of this complaint.

This response is evasive, unresponsive, and incomplete. The defendants have requested copies of those responsive documents which are in the possession of the individual plaintiffs, which is highly relevant to these claims. Further, once again, it is unfathomable that each of the plaintiffs have responded in the exact same manner.

Scott E. Perry, Esq.
October 15, 2003
Page 6

### REQUEST NO. 18:

If the plaintiff is not able to provide records in accordance with any of the above-stated requests, then a duly executed authorization signed by the plaintiff for such records is hereby requested in the alternative.

### RESPONSE NO. 18:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Please provide a more specific response, as the request is clear on its face.

Kindly contact me at your earliest convenience so that we may schedule a Rule 37 conference. Thank you for your attention to this matter.

Sincerely,

Lori A. McCarthy

Cc:    Anthony D. Sutton, Esq.
       Michael B. Flynn, Esq.
G:\F & A\CASE FILES\CSX OCCUPATIONAL\HEARING LOSS\General Hearing Loss\Correspondence\Atty\Perry re.pls rrpds 10.9.03.doc

# CAHILL & GOETSCH, P.C.
### ATTORNEYS AT LAW

SCOTT E. PERRY

43 TRUMBULL STREET
NEW HAVEN, CONNECTICUT 06511

(203) 777-1000
Fax: (203) 865-5904

*RECEIVED NOV 24 2003 By*

November 21, 2003

**_Via Fax and U.S. Mail_**

Lori A. McCarthy, Esq.
Flynn & Associates, P.C.
189 State Street, 6th Floor
Boston, Massachusetts 02109

RE: <u>November 12, 2003 Rule 37 Conference on Defendants' RFP</u>

Dear Lori:

     With respect to Defendants' RFP 10 and 12, the plaintiffs agreed to withdraw the first sentence of the objections. With respect to RFP 2, the plaintiffs agreed to supplement and/or amend this response with respect to any cases wherein the plaintiff obtained, or in the future obtains hearing aids. With respect to RFP 14, the plaintiffs also object because this request is overly broad and unduly burdensome. Other than the aforementioned, the plaintiffs did not agree to modify their responses.

     Sincerely,

     Scott E. Perry

SEP:md

cc:   Anthony D. Sutton, Esq.

