UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

——————————————————————X

JAMES SCOFIELD,                           CIVIL ACTION

    Plaintiff                                   NO. 3:02CV01683 (JCH)

VS.

METRO-NORTH RAILROAD COMPANY,
CONSOLIDATED RAIL CORPORATION, and
AMERICAN FINANCIAL GROUP, INC.,
f/k/a AMERICAN PREMIER UNDERWRITERS, INC.,
f/k/a PENN CENTRAL CORPORATION,

    Defendants                              JULY _12_, 2004
——————————————————————X

## STIPULATION FOR PARTIAL DISMISSAL

It is hereby stipulated and agreed that the plaintiff's claim for damages against <u>only</u> defendants CONSOLIDATED RAIL CORPORATION and AMERICAN FINANCIAL GROUP, INC., f/k/a AMERICAN PREMIER UNDERWRITERS, INC., f/k/a PENN CENTRAL CORPORATION, is discontinued on the merits, with prejudice, and without costs to any parties.

PLAINTIFF, JAMES SCOFIELD                DEFENDANTS, CONSOLIDATED RAIL
                                                                   CORPORATION and AMERICAN
                                                                   FINANCIAL GROUP, INC., f/k/a
                                                                   AMERICAN PREMIER UNDERWRITERS,
                                                                   INC., f/k/a PENN CENTRAL CORPORATION

By_____/s/ Scott E. Perry_____           By_____/s/ Lori A. Wirkus_____
   Scott E. Perry (ct17236)                       Lori A. Wirkus (ct19557)
   CAHILL, GOETSCH & MAURER, P.C.                 FLYNN & ASSOCIATES, P.C.
   43 Trumbull Street                             400 Crown Colony, Suite 200
   New Haven, Connecticut 0651                    Quincy, Massachusetts 02169
   (203) 777-1000                                 (617) 773-5500

Cahill HL 301
NS

## RELEASE AGREEMENT

KNOW ALL MEN BY THESE PRESENTS THAT I, **JAMES SCOFIELD**, on behalf of myself, my heirs, personal representatives and assigns ("THE UNDERSIGNED"), this __3__ day of __May__, __2004__, enter into this RELEASE AGREEMENT with Norfolk Southern Railway Company, CSX Transportation, Inc., Consolidated Rail Corporation, American Financial Group, Inc., formerly known as American Premier Underwriters, Inc., formerly known as The Penn Central Corporation, Pennsylvania Truck Lines, Inc., Penn Central Transportation Company, Pennsylvania Railroad, New York Central Railroad, Erie Lackawanna, Inc. and Lehigh Valley Railroad Company, to the same extent as if expressly named herein, their respective parents, subsidiaries and affiliated companies, their leased and operated lines, and the respective predecessors, successors, assignees, lessors, officers, directors, agents and employees of the aforesaid released parties, past and present, as well as their heirs and legal representatives ("RELEASEE").

WHEREAS, a claim or action has been asserted by or on behalf of THE UNDERSIGNED against RELEASEE alleging that THE UNDERSIGNED was exposed to excessive and harmful sound, noise and/or vibration which he/she alleges RELEASEE failed to abate, protect against or warn of, in or around facilities and operations owned, occupied and conducted by RELEASEE during his/her employment with RELEASEE which caused THE UNDERSIGNED to suffer from hearing loss, ear injuries, ear disease, tinnitus, vertigo, hearing deficit, hearing impairment, loss of function involving the ears or hearing system, anxiety, risk or fear of contracting any medical condition involving the ears or hearing system, (hereinafter referred to as "Hearing Loss or Related Disorders"), including any disorder of any type or origin or any condition, illness or injury resulting therefrom or relating thereto.

WHEREAS, THE UNDERSIGNED and RELEASEE desire to enter into a full and final settlement and discharge of all claims or actions against RELEASEE as described herein.

Notwithstanding any other provisions of the Release, this Release does not release any claims which I may have at the present time or may bring in the future against **Metro North Commuter Railroad** for alleged exposure to working conditions or environment created by the existence of any sounds, noises or vibrations or any type, variety or intensity which RELEASOR claims has resulted in occupational hearing loss.

I, and my counsel, further agree to indemnify and hold harmless the RELEASEES, from any and all losses, claims, demands, liabilities, cause of action, judgments, verdicts or awards of whatsoever kind or nature growing out of any claim or suit against them for contribution and/or indemnity by any other tortfeasor or alleged tortfeasor or other person or corporation allegedly liable for any of the damages and/or conditions referred to in this Release as a result of a breach of this Agreement and this Warranty.

NOW, THEREFORE, THE UNDERSIGNED, being of sound mind, for the sole consideration of **Two Thousand One Hundred Forty Two Dollars and Eighty Five Cents ($2,142.85)**, paid to me by or on behalf of RELEASEE, the sufficiency and receipt of which is hereby acknowledged, does hereby release and forever discharge RELEASEE from all legal liability for personal injuries as set forth herein, known or unknown, foreseen or unforeseen, including claims, causes of action, actions, verdicts, judgments, or awards of money damages, costs, fees, and expenses incurred, and demands for monetary compensation of any nature, which THE UNDERSIGNED has or claims to be entitled by reason of his/her alleged Hearing Loss or Related Disorders, its progression, deterioration and/or consequences, any future damages, general or special, that THE UNDERSIGNED may incur in an attempt to alleviate or cure his/her alleged Hearing Loss or Related Disorders, as well as correction of any conditions relating to his/her Hearing Loss or Related Disorders, and any increase risk of contracting any physical disorder related thereto.

THE UNDERSIGNED acknowledges that his/her Hearing Loss or Related Disorders may be permanent and/or may naturally progress and/or may become permanent disabling in the future; recovery therefrom is uncertain; and future medical treatment, may be necessary in an attempt to alleviate or treat said Hearing Loss or Related Disorders.  By entering into this RELEASE AGREEMENT, THE UNDERSIGNED acknowledges that no representations about the nature and extent of his/her present or future condition, disabilities or damages made by any physician, attorney or agent of those hereby released, nor any representations regarding the nature and extent of legal liability of those hereby released, have induced him/her to make this settlement; that he/she relies wholly upon his/her own judgment, belief, and knowledge of the nature and extent of his/her injuries, including the permanency and the possibility of progression of such injuries; and that the possible future effects of THE UNDERSIGNED'S Hearing Loss or Related Disorders are specifically bargained for herein, included, and released in exchange for the payment of consideration stated herein.

Other provisions of this RELEASE AGREEMENT notwithstanding, this RELEASE AGREEMENT is not intended to and does not release any claim THE UNDERSIGNED may have in the future for a solely new and distinct railroad employment related injury.

It is understood that other than as may be recited herein, no claims or demands are being released which I may have against any other person or corporation, not named herein, related to the aforesaid exposure(s), or similar exposures, or the damages referred to in the Release; but the damages recoverable against said other persons or corporations shall be reduced, extinguished or satisfied in accordance with the terms of this Release. In the event it is determined that RELEASEES, individually or in any combination thereof, and any other persons, corporation or entity are joint tortfeasors with respect to my injuries, death and/or damages, then the damages recoverable against all such tortfeasors other than RELEASEES shall be reduced by the amount of the larger of the following two sums:

(a) the amount paid as consideration of this Release; or

(b) that portion of the total dollar amount awarded as damages in the ratio of the proportionate amount of causal liability, causal negligence, and/or liability of any nature or based upon any theory of the persons and corporations released herein and against whom a verdict or judgment is entered to the amount of causal liability, causal negligence, and/or liability of any nature or manner or based upon any theory attributed to all other persons and corporations against whom a verdict, judgment, or award is entered or obtained.

Should it be determined that RELEASEES were not a tortfeasor with respect to my injuries, death and/or damages, then there will be no reduction in damages recoverable from any other person, corporation or entity.

However, if as a consequence of a lawsuit, a verdict or judgment in my favor results in a claim, verdict or judgment for contribution and/or indemnity against RELEASEES, individually or in any combination hereof, then I and my attorneys agree that we will reduce my claim or satisfy the verdict or judgment to the extent necessary to eliminate the claim of liability of RELEASEES, individually and/or in any combination thereof, either to me or to any party claiming contribution and/or indemnity. Further, I agree that I will take no action to prevent RELEASEES from asserting its/their rights of contribution and/or indemnity against other parties determined to be joint tortfeasors with them to the extent that the payment herein has discharged the common liability or has exceeded the individual share of the liability and, further, I agree that to the extent that RELEASEES, individually and/or in any combination thereof, are entitled to indemnity and/or contribution, I will reduce or satisfy my verdict or judgment against such other joint tortfeasors.

It is specifically intended that this release is a Joint Tortfeasor Release and is intended and shall be construed to release and protect RELEASEES from all claims of contribution and/or indemnify pursuant to the Act, the Comparative Negligence Act, or otherwise.

THE UNDERSIGNED acknowledges and believes that he/she has Hearing Loss and Related Disorders which may progress or become worse in the future as a result of many possible factors, and that one such factor is exposure to noise.

It is further understood and agreed, as further consideration for the payment referred to herein, that THE UNDERSIGNED will report in writing within thirty days to his/her immediate Supervisor any circumstances, incidents, or events which he/she believes, to the best of his/her knowledge, have or might adversely affect his/her hearing giving the dates, places and details of any such circumstances or events; and that THE UNDERSIGNED will make himself/herself available, for periodic hearing testing and evaluations, at such time(s) and location(s) as may, in RELEASEE'S discretion, be requested.

It is further understood and agreed that THE UNDERSIGNED agrees to indemnify and hold harmless RELEASEE of and from any and all liability, actions, judgments, costs, expenses and counsel fees arising from or in any way connected with subrogation claims or liens for any compensation or medical payments due or claimed to be due or paid under any law (state or federal), regulation or contract, and from all losses, claims, liabilities, actions, causes of action, judgments, verdicts, awards, or demands of whatsoever kind or nature arising as a result of, or pertaining in any way to the Hearing Loss and Related Disorders released herein or relating thereto as set forth in **Civil Action No. 303CV001683, filed in the United States District Court, CT, JAMES SCOFIELD vs. Consolidated Rail Corporation, et al, Defendant,** which action THE UNDERSIGNED agrees shall be dismissed with prejudice.

It is understood and agreed that any issue concerning the interpretation of this RELEASEE AGREEMENT or its effect upon the parties hereto shall be governed by federal law.

THE UNDERSIGNED further specifically agrees to the introduction into evidence of this RELEASE AGREEMENT at any trial, hearing, or inquiry conducted subsequent to the date of execution hereof, for the benefit of "RELEASEE", only.

THE UNDERSIGNED understands, agrees and acknowledges that the payment referred to herein is in compromise of a disputed claim and shall not be construed as an admission of liability on the part of RELEASEE, since liability is expressly denied.

It is further understood and agreed that, while Company and Claimant are not aware of any unsatisfied liens not yet asserted and held by the Railroad Retirement

4

Board with respect to any alleged hearing loss diseases or injuries covered by this Release, if any such liens exist or are asserted in the future by the Railroad Retirement Board with respect to such hearing loss diseases or injuries, Claimant hereby agrees as a further consideration and inducement for this compromised settlement, that he/she shall hold harmless and reimburse Company for the amount of such liens.

THE UNDERSIGNED further acknowledges and agrees that certain known "liens" are owed and outstanding, and that the sums hereinafter identified will be subtracted from the total amount paid as consideration for this release as follows:

| | |
|---|---|
| Gross Settlement Amount: | $2,142.85 |
| (1) Railroad Retirement Board Lien: | |
| (2) Supplemental Sickness Benefits: | |
| Net Settlement Amount: | $2,142.85 |
| Draft No. _____ | |

It is further understood and agreed that this is the complete RELEASE AGREEMENT, and that there are no written or oral understandings or agreements, directly or indirectly connected with this RELEASE AGREEMENT that are not incorporated herein.

THE UNDERSIGNED declares that he/she has executed this RELEASE AGREEMENT upon the advice and approval of his/her counsel, **CAHILL & GOETSCH**, that he/she knows and understands the contents hereof and signs the same as his/her own free act with full knowledge that the effect hereof shall be such as to extinguish, and he/she hereby declares extinguished, now and forever, any and all claims described in this RELEASE AGREEMENT.

THE UNDERSIGNED HEREBY ACKNOWLEDGES THAT HE/SHE HAS READ THIS ENTIRE RELEASE AGREEMENT AND UNDERSTANDS ITS

TERMS, AND THAT BY SIGNING THIS RELEASE AGREEMENT HAS RELEASED HIS/HER RIGHTS REFERENCED HEREIN AGAINST RELEASEE AND ITS INSURERS.

 IN WITNESS WHEREOF, I have hereunto set forth my hand and seal this 3 day of MAY, 2004 intending to be legally bound hereby.

_____ (SEAL)
JAMES SCOFIELD
SS No. 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

**WITNESS TO SIGNATURE:**

_____      _____
Name              Name

8 Elliott Drive       7 Shinnacock Trail
Address          Address
Shelton, CT 06484     Shelton, CT 06484

Taken, subscribed and affirmed before the undersigned Notary Public this 3rd day of MAY, 2004.

_____
NOTARY PUBLIC

My commission expires: March 31, 2008

Nicholas A. Zerella, Jr.
Notary Public
My Commission Expires
March 31, 2008

**CERTIFICATE**

I hereby certify that on the day and year above specified, I explained the foregoing RELEASE to **JAMES SCOFIELD**, that I explained the legal consequences of the execution and delivery of said RELEASE and that he/she executed the same voluntarily and appeared to have full knowledge thereof.

Dated this _____ day of _____, ____.

_____
Attorney for
**JAMES SCOFIELD**

6